UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NANCY STEVENSON<br>*Plaintiff*,<br><br>v.<br><br>FLAGSTAR BANK, FSB,<br>*Defendant*. | Civil No. 3:19cv960 (JBA)<br><br>August 16, 2021 |

**RULING GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**

Plaintiff Nancy Stevenson brought suit against Defendant Flagstar Bank, FSB on June 20, 2019 alleging violations of the Connecticut Unfair Trade Practices Act (CUPTA) and state common law based on Defendant's alleged repeated mishandling of her loan account records, improper processing of her loan modification, and unnecessary foreclosure action. (Compl. [Doc. # 1] at 1.) On September 10, 2020, after amending her complaint and before the filing of dispositive motions, Plaintiff accepted Defendant's offer of judgment. (Notice of Acceptance with Offer of J. [Doc. # 59].) Judgment was entered against Flagstar for a total amount of $101,000.00, along with costs and reasonable attorney's fees on September 18, 2020 (J. [Doc. # 61].)  Plaintiff moved for amended attorney's fees and costs on October 16, 2020 ([Doc. # 65]), to which Defendant filed its objection as to the amount sought. ([Doc. # 68].)

**I.      Legal Framework**

As the prevailing party, Plaintiff is entitled to an award of reasonable attorney's fees as recognized in the settlement agreement and authorized by Federal Rule of Civil Procedure 54(d)(2). In the Second Circuit, reasonable attorney's fees are calculated by "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens*

*Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)). District courts are directed to "step[] into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively" in considering "what a reasonable, paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 184.

Typically, a court presumes "that a reasonable, paying client would in most cases hire counsel from within his district, or at least counsel whose rates are consistent with those charged locally," *Arbor Hill*, 522 F.3d at 191, and thus the reasonableness of the rate charged is often determined by reference to "the hourly rates employed in the district in which the reviewing court sits." *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (internal quotation marks omitted).

Counsel seeking fees are "not required to record in great detail how each minute of time was expended," *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983), but they are obliged "to keep and present records from which the court may determine the nature of the work done, the need for it, and the amount of time reasonably required," *P.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1265 (2d Cir. 1987). *See also Fox v. Vice*, 563 U.S. 826, 838-39 (2011) (The fee applicant must "submit appropriate documentation to meet their burden of establishing entitlement to an award[, and] . . . trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.") (citations and internal quotation marks omitted). Ultimately, the goal "is to do rough justice, not to achieve auditing perfection." *Id.*; *see also Hensley*, 461 U.S. at 437 (advising that this determination "should not result in a second major litigation").

**II.     Discussion**

Here, Defendant objects to fees for multiple attorneys, arguing that Plaintiff's employment of three out-of-state attorneys recognized as consumer law "specialists" to support her two attorneys from the Connecticut Fair Housing Center (CFHC) resulted in unnecessary billings, considering the simplicity of Plaintiff's claims. (Def.'s Mem. in Opp. to

2

Pl.'s Mot. for Fees ("Mem. in Opp.") [Doc. # 68] at 8-9.) Moreover, Defendant argues that the rate requested by the out-of-state attorneys is "exorbitant" given the fact that they never used the expertise for which they were hired because the case never went to trial. (*Id.* at 8-9, 21.) In response, Plaintiff argues that, while mortgage servicing cases are typically less sophisticated in nature, her case was "factually dense in that it involved seven years of servicer misconduct." (Pl.'s Mem. of Law in Supp. of Mot. for Fees ("Mem. in Supp.") [Doc. # 65-1] at 6.) Plaintiff further explains that CFHC has limited resources and the length and complexity of the issues specific to her case indicated a particular need for co-counsel with trial expertise. (*Id.*; Decl. of Loraine Martinez Per 28 U.S.C. § 1746 [Doc. #65-2] ¶ 13.) Finally, Plaintiff describes her litigious opposing counsel and what was needed to effectively litigate her case. (Mem. in Supp. at 9-10; Pl.'s Reply [Doc. # 69] at 12-13.)

### A. Reasonableness of Rate

The Second Circuit requires that a reasonable rate be set by "the hourly rates employed in the district in which the reviewing court sits," *Simmons*, 575 F.3d at 174, but allows for some variables, like the novelty and difficulty of the questions and the experience, reputation, and ability of attorneys to influence "the presumptively reasonable fee, if it is clear that a reasonable, paying client would have paid those higher rates," *Arbor Hill*, 522 F.3d at 191 (citing *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 718 (5th Cir. 1974)). From its experience, the Court finds that $475/hour and $300/hour are both in line with what hypothetical clients in Connecticut likely would have paid for attorneys of Mr. Humphrey, Mr. Wallace, and Mr. Catalano's experience and expertise. *See* Recommended Ruling Following Hearing on Damages [Doc. # 86], *Paul L. Hallingby, et al. v. Dr. Andreas Gerber, et al.*, No. 17cv975 (SPT) (May 28, 2021), *adopted in full* [Doc. # 87] (finding a rate of $650 and $675/hour reasonable in light of the attorney's twenty years of experience). As such, the Court finds Plaintiff's out-of-state counsel's hourly rates to be reasonable and consistent with rates charged by Connecticut counsel of similar expertise and qualifications

3

**B. Time Logs**

After thoroughly examining the submitted time logs, the Court finds that the following entries (a total of 18.8 hours) reflect what it views as "sunk costs" associated with out-of-state attorneys familiarizing themselves with Connecticut jurisprudence and current procedural requirements which likely would have been unnecessary if Connecticut co-counsel had been retained:

| Lawyer | Date | Topic | Rate | Hours |
|---|---|---|---|---|
| Martinez | 9/11-9/12 | Editing and entering Pro hac vice motions | $300/hour | .8 |
| Humphreys | 9/13 | Research on garden variety in the 2d Circ. | $475/hour | .6 |
| Humphreys | 11/24 | Review of local rules for discovery | $475/hour | .2 |
| Humphrey | 5/19 | Review local CT COVID rules | $475/hour | .1 |
| Catalano | 8/10, 8/11 | Review CUPTA and CT common law about contracts/breach etc. | $300/hour | 16.3 |
| Wallace | 8/21 | Conference with co-counsel about CUPTA/ED and settlement range in CT | $475/hour | .8 |

In addition, the Court notes that Attorney Martinez's draft summary judgment motion, although responsibly prepared in anticipation of her maternity leave, ultimately was not filed and thus did not contribute to securing the judgment in Plaintiff's favor. Accordingly, fees for the 20 hours spent drafting that motion will not be awarded. (Mem. in

Supp. at 17); *see May v. Nationstar Mortg., LLC,* No. 4:14CV0578 TCM, 2015 WL 9185408, at *3 (E.D. Mo. Dec. 17, 2015) (denying attorney's fees to Plaintiff's counsel for "a motion for summary judgment that was never filed"). The remaining fees appear reasonably incurred in light of the case's protracted needs, and Plaintiff's submissions reflect counsel's attention to conserving resources and avoiding duplication. The substantial six-figure judgment plus fees and costs reflects the attorneys' expertise which was not "superfluous." (Mem. in Opp. at 2.)

Thus, in total, the Court will exclude 38.8 hours and awards $165,827.50 in attorney's fees. In addition, $1,516.58 in costs and $885.00 in paralegal fees are awarded.

### III.  Conclusion

Defendant is directed to pay $168,229.08 in costs and fees to Plaintiff's counsel forthwith.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 16 day of August 2021.